724

CITY OF GATLINBURG et al. v. SEVIER COUNTY
BOARD OF EDUCATION et al.
—479 S.W.2d 811

Eastern Section. January 5, 1972.

Certiorari Denied by Supreme Court April 17, 1972.

Donaldson, Montgomery & Kennerly, Knoxville, Hailey, Waters & Jarvis, Sevierville, for appellants.

Hodges, Doughty & Carson, Knoxville, Ogle & Ogle, Sevierville, Milton P. Rice, Deputy Attorney General, for appellees.

PARROTT, J. In this chancery cause the City of Gatlinburg sues Sevier County and Sevier County Board of Education seeking to require the county to assume the obligation of payment of school bonds issued by the City of Gatlinburg to finance the construction of a school.

The controversy arose after Sevier County, by referendum, passed a county-wide one cent sales tax which superseded the one cent city sales tax which had been adopted earlier by the voters of the City of Gatlinburg.

We find little dispute in the events leading up to this controversy. On September 22, 1966, the Gatlinburg voters approved a one cent city-wide sales tax which became effective November 1, 1966. After levying this one cent city sales tax, Gatlinburg issued $500,000 of general obligation bonds to help finance the construction of a new elementary school in Gatlinburg.

The elementary school in Gatlinburg, as all other schools in Sevier County, is under the control of the Sevier County Board of Education. On April 18, 1967, the City of Gatlinburg, Sevier County and the Sevier County Board of Education entered into a written agreement whereby the City of Gatlinburg pledged two-thirds of the net revenues received from the city sales tax levy to pay the installments and interest on the $500,000 bond

issue. The contract clearly states the Sevier County Board of Education will have full control of the construction of the school building as well as the future management and operation of the school.

On December 16, 1967, a county-wide referendum, in which the residents of the City of Gatlinburg were excluded from voting as provided by T.C.A. 67-3053(b), approved a one cent sales tax to become effective on February 1, 1968.

Under the county-wide sales tax, T.C.A. 67-3052 provides one-half of the proceeds collected go to the county to be expended and distributed in the same manner as the county property tax for school purposes. The other one-half collected within incorporated cities goes to the city where collected.

The City of Gatlinburg's original bill avers the 1963 Local Option Revenue, Act, codified as T.C.A. 67-3049 through 67-3056, is unconstitutional in that it violates Gatlinburg residents' equal protection rights as provided by the Fourteenth Amendment to the Constitution of the United States and Section 8 of Articles I and XI of the Tennessee Constitution. The unconstitutional charge is directed at that part of T.C.A. 67-3053(b) which permitted only the voters of Sevier County residing outside the Gatlinburg corporate limits to vote in the county-wide referendum.

In the alternative, the original bill avers that Sevier County and its Board of Education should be required to pay the principal and interest on the school bonds on the grounds of (a) estoppel, (b) impairment of the city's

contractual obligation, (c) unjust enrichment, and (d) general principles of equity.

The chancellor's decree held the 1963 Local Option Revenue Act constitutional and that the county-wide sales tax superseded the City of Gatlinburg's tax.

In the chancellor's memorandum opinion and decree the City of Gatlinburg was allowed to recover on equitable principles a judgment in the amount of $113,652.92 for monies already expended on the bond issue. The decree further ordered Sevier County to pay the future installments of principal and interest on the bonds from June 1, 1971 through December 1, 1981. The chancellor refused to grant a recovery of the money spent by the City of Gatlinburg during the time the city was collecting the one cent city sales tax and denied recovery of the last installment of principal and interest due on June 1, 1982. The denial of recovery on the last installment was based on the grounds that officials of the City of Gatlinburg influenced the Sevier County School Board in making more expensive improvements than was provided for other elementary schools in the county; i.e. "refinements such as air conditioning, carpeted floors, etc."

Sevier County strongly relies upon the case of Lenoir City v. Loudon County, 222 Tenn. 319, 435 S.W.2d 824. In that case Lenoir City, after levying a one cent city-wide sales tax, issued $2,500,000 general obligation bonds to finance a new high school with all of the revenues pledged to retire the bonds. Almost three years after the city adopted the tax, Loudon County, in a county-wide referendum in which the residents of Lenoir City

were excluded from voting, adopted a county-wide sales tax.

Thereafter, Lenoir City filed a chancery court action in which one of the contentions was that the Local Option Revenue Act, particularly Sec. 67-3053(b) which permitted only the residents outside the corporate limits of Lenoir City to vote in the county-wide referendum, was unconstitutional. Clearly the Supreme Court's holding the 1963 Local Option Revenue Act constitutional settles and controls the constitutional questions raised in this case.

However, the Lenoir City case and this case differ on the facts and are distinguishable. Lenoir City operated and maintained its own school system and was primarily obligated to fund the school. In this case Sevier County operates the school system not only for the City of Gatlinburg but the entire county and is primarily obligated to fund the school system.

The April 18, 1967 agreement between the City of Gatlinburg and Sevier County expressly provides the construction of the building and future operation of the school will remain under the sole control of the Sevier County Board of Education. The terms of the agreement clearly indicate that Sevier County did not intend to relinquish any of its control of the school system nor can it be implied the principal obligation of funding the school system was not being retained.

At the time Sevier County accepted the City of Gatlinburg's offer to contribute the proceeds of the $500,000 bond issue toward the construction of the school, all par-

ties to the undertaking knew the city's source of revenue to pay these bonds was to be derived from the city sales tax. The county's acceptance of the pledged revenues to be obtained from the city sales tax is an amplification of the parties' intention to use such collections from within the corporate limits of Gatlinburg to pay the bonds regardless of whether the revenue came from a city or county-wide sales tax.

The April 18th agreement must be construed so as to place the principal obligation of payment of the bonds issued to construct the school on the City of Gatlinburg. However, the fact that Sevier County has now passed a county-wide sales tax does not negate the intention and understanding of the parties that the payment of these bonds would be made from sales tax revenues collected within the City of Gatlinburg. We think equitable principles demand and require Sevier County to carry out the mutual intentions evidenced by the contract; i.e., the payment of the school bonds be made from sales tax revenues collected within the City of Gatlinburg.

Thus we hold that Sevier County will be required to apply the sales tax revenue collected in the City of Gatlinburg toward the payment of the bonds issued by the city to build the school which is under the control of Sevier County. If the county's one-half of the tax collected is larger than the payment due on the bonds, the county can use such for other purposes. However, if the county's share of the tax collected in the City is less than the payment due on the bonds, the City of Gatlinburg, being primarily obligated, will be required to pay the difference. This distribution of the tax revenue is not in

conflict but in accord with the distribution required by T.C.A. 67-3052. Cf. Lenoir City v. Loudon County, supra.

Thus the judgment of $113,652.92, being the amount Gatlinburg has expended on the bond issue since the adoption of the county-wide tax, is affirmed. The chancellor's decree is modified so as to require Sevier County, in accord with the above guidelines, to pay all future installments of principal and interest on the bonds.

■ As for that portion of the decree requiring the City of Gatlinburg to pay the last installment of principal and interest on the grounds the city officials influenced the school board to make more expensive improvements than needed is reversed. All of the evidence shows that the Sevier County Board of Education expressly approved the building contract and knew or should have known what equipment and other things were being placed in the school.

Let the costs of this appeal and the costs below be adjudged against Sevier County and the Sevier County Board of Education.

Cooper, P. J. (E. S.), and Sanders, J., concur.